IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE EMERSON WARNER | : | 3:11-cv-522 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DAVID BARILLA | : | |
| | : | |
| Defendant. | : | |

_____

| | | |
|---|---|---|
| LAWRENCE EMERSON WARNER | : | 3:11-cv-523 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| OFFICER LEWIS | : | |
| | : | |
| Defendant. | : | |

_____

## **MEMORANDUM**

## **April 13, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

These matters are before the Court on a joint Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson filed in each case on March 23, 2011, which recommends that the complaints be dismissed for the failure to state a claim upon which relief can be granted. Magistrate Judge Carlson also

1

recommends that the dismissal of these actions be without prejudice as to any effort by Plaintiff Lawrence Emerson Warner ("Plaintiff" or Warner") to allege facts which might state a claim upon which relief may be granted as a federal civil rights lawsuit.

The time for filing objections to the R&R has passed without a filing from Plaintiff.[1] Accordingly, this joint R&R is ripe for our review. For the reasons that follow, the R&R shall be adopted in its entirety and these matters shall be dismissed without prejudice.

## I.  STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn,* 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating

---

[1] Because these cases were screened by Magistrate Judge Carlson pursuant to 28 U.S.C. § 1915, the complaints were not served upon the Defendants named in the complaints.

"the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

**II.   DISCUSSION**

These two *pro se* civil rights actions brought by Plaintiff were filed on March 21, 2011.  As noted by Magistrate Judge Carlson, while the complaints are brief, they are not models of clarity.  Under a liberal construction of the filings, it appears that Plaintiff names a local district magisterial judge, David Barilla, and a local police officer, Officer Lewis, as Defendants.  The complaints then recite that Plaintiff had a dispute between individuals referred to as "Colon" and "Daiz" during which he was falsely accused of extinguishing his cigarette on another man's shirt.  As a result of this dust-up, Plaintiff came before Magisterial Judge Barilla in some form of court proceeding, during which Plaintiff alleges Officer Lewis gave an inaccurate summary of the statement Plaintiff had given at the scene.  Accusing the Defendants of "favortizm [*sic*]", and stating that "David Barilla and Officer Lewis worked together to push this case aside - hush-hush I call it," (Doc. 1), Warner demands that "this matter is taking [*sic*] care of the proper

way (justice) against the wrongdoers." As noted by Magistrate Judge Carlson, Warner's complaints state no other even colorable or intelligible prayers for relief.

In the R&R, Magistrate Judge Carlson reviewed Warner's claims pursuant his statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs seeking leave to proceed *in forma pauperis*.[2] *See* 28 U.S.C.§ 1915(e)(2)(B)(ii). Thus, Magistrate Judge Carlson was tasked to determine whether Warner's complaints should be dismissed for failure to state a claim upon which relief can be granted. *Id*. After a review of the complaints, Magistrate Judge Carlson appropriately determined that they fail to meet the substantive standards required by law, in that they do not set forth a short and plain statement[3] of a cognizable violation of some right guaranteed by the Constitution or laws of the United States. Moreover, to the extent that Plaintiff is attempting to have this Court reverse the rulings of a State magisterial judge, we are prevented from doing so pursuant to the *Rooker-Feldman* doctrine.[4] Finally, David Barilla is likely

---

[2] Warner applied for leave to proceed *in forma pauperis* in both actions.

[3] Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

[4] The *Rooker-Feldman* doctrine "deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." *Turner v. Crawford Square Apartments III, LLP*, 449 F. 3d 542, 547 (3d Cir. 2006). As noted by the Magistrate Judge, while the *Rooker-Feldman* doctrine is narrow in scope, we agree with his conclusion that Warner's claim falls squarely within its ambit, inasmuch as we are being asked to review and reject a state court judgment.

cloaked with judicial immunity and Officer Lewis cannot be held liable for testimony given in a state judicial proceeding. *See Mireless v. Waco*, 502 U.S. 9, 13 (1991) and *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983).

As we have already mentioned, no objections have filed objections to this joint R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in his thorough and thoughtful R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the cases *sub judice*.  An appropriate Order shall issue.[5]

---

[5] We recognize that in civil rights cases, *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed *with prejudice*, unless it is clear that granting leave to amend would be futile.  *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F. 3d 247, 253 (3d Cir. 2007).  We cannot divine how Plaintiff here could assert a federal civil rights claim on the facts set forth in the complaints, however, in the interests of caution, we are dismissing these matters *without prejudice*, thus Plaintiff is not prevented from re-filing a lawsuit *if* he is able to set forth a federal claim on these facts.